UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MAXWELL B. WILLIAMS and CLAIR N. WILLIAMS,<br><br>Plaintiffs,<br><br>v.<br><br>THE TRAVELERS HOME AND MARINE INSURANCE COMPANY and THE TRAVELERS INDEMNITY COMPANY,<br><br>Defendants. | Case No. 2:16-cv-01856-APG-CWH<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>(ECF No. 5) |

Plaintiffs Maxwell Williams and Claire Williams filed this lawsuit in Nevada state court on June 17, 2016. Defendants The Travelers Home and Marine Insurance Company (THMIC) and The Travelers Indemnity Company (TIC) removed it to this court on August 5, 2016. ECF No. 1. The defendants now move to dismiss most of the Williamses' claims. They argue that TIC should be dismissed because it is not a party to the insurance policy at issue. They also argue the claims for vicarious liability and punitive damages are remedies, not causes of action. According to the defendants, all of the Williamses' other claims, except for their breach of contract claim, are time-barred. Finally, they contend the Williamses cannot bring negligence and intentional infliction of emotional distress claims against their insurance carrier.

I convert the motion into one for summary judgment because the parties have attached evidence to the motion and response. I grant summary judgment in favor of TIC because it is not a party to the insurance contract out of which the Williamses' claims arise. I dismiss the asserted claims for vicarious liability and punitive damages because these are theories of recovery, not causes of action. I grant summary judgment in THMIC's favor on all of the Williamses' remaining claims, except for their breach of contract and negligence claims, as time-barred. Finally, I grant summary judgment in THMIC's favor on the negligence claim because an insured cannot sue his or her insurer for negligence where that claim would be duplicative of a breach of

contract or bad faith claim. As a result, the Williamses' only remaining claim is a breach of contract claim against THMIC.

**I. BACKGROUND**

The Williamses purchased homeowners' insurance from THMIC to cover their residence. ECF Nos. 1-1 at 5; 5-1. In June 2010, they suffered a water loss at their home and they submitted a claim under the policy. ECF No. 1-1 at 5. According to the complaint, THMIC inspected the property but refused to pay benefits for the reasonable repair of the residence or for replacement of damaged contents. *Id.* at 6. The complaint alleges that THMIC "ultimately closed the Plaintiffs' outstanding claims without arriving at a fair and equitable settlement . . . ." *Id.* On October 5, 2011, THMIC sent a letter to the Williamses stating that it was "closing this file" because the Williamses allegedly had not cooperated with THMIC. ECF No. 5-3.

Based on THMIC's alleged acts and omissions in its handling of the Williamses' claim, the complaint asserts the following: (1) vicarious liability for the alleged actions or inactions of the defendants' employees; (2) breach of contract for failing to pay benefits due under the policy; (3) breach of the implied covenant of good faith and fair dealing for failing to make repairs or replace the contents and for "closing the Plaintiffs' outstanding claims without arriving at a fair and equitable settlement resolution;" (4) statutory violations for unfair claims practices; (5) common law bad faith; (6) negligence; (7) intentional infliction of emotional distress; and (8) punitive damages. *Id.* at 6-13.

**II. ANALYSIS**

Although styled a motion to dismiss, the parties attach evidence to the motion and the response, which I have considered. I therefore convert the motion into one for summary judgment. *See In re Rothery*, 143 F.3d 546, 549 (9th Cir. 1998); Fed R. Civ. P. 12(d).

Summary judgment is appropriate if the pleadings, discovery responses, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

1  (1986).  An issue is genuine if "the evidence is such that a reasonable jury could return a verdict
2  for the nonmoving party." *Id.*
3       The party seeking summary judgment bears the initial burden of informing the court of the
4  basis for its motion and identifying those portions of the record that demonstrate the absence of a
5  genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden
6  then shifts to the nonmoving party to set forth specific facts demonstrating there is a genuine
7  issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir.
8  2000).  I view the evidence and make reasonable inferences in the light most favorable to the
9  nonmoving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

**A.  Defendant TIC**

TIC contends it is not a party to the contract out of which the plaintiffs' claims arise.  The Williamses respond that TIC is mentioned on page 11 of the policy, TIC sent them a pamphlet, and TIC sent correspondence in July 2012 regarding an uncashed check made out to the Williamses.  They thus argue there are questions of fact regarding whether TIC is in privity of contract with the Williamses.

The complaint does not allege facts supporting TIC's liability.  It groups the two defendants together and identifies them collectively as "Travelers." ECF No. 1-1 at 4-5.  But it contains no factual allegations about why TIC is liable.  The insurance policy identifies the insurer as THMIC. ECF No. 5-1 at 2.  TIC is not listed as an insurer or a party to the contract.  The October 5, 2011 letter closing the claim file was issued by THMIC. ECF No. 5-3.

The Williamses rely on three exhibits to raise an inference that TIC was a party to the insurance contract.  The first is a privacy notice "given by Travelers Indemnity Company, and its property and casualty insurance affiliates, members of the Travelers group of companies." ECF No. 8-2 at 11-12.  THMIC identifies itself in the policy as "One of The Travelers Property Casualty Companies." *Id.* at 5.  Consequently, THMIC's use of the form does not indicate that TIC is a party to the insurance contract.

The second exhibit is a pamphlet about calculating depreciation issued by TIC "and its property casualty affiliates." ECF No. 8-6. at 5.  For the same reasons, this pamphlet does not indicate TIC is a party to the insurance contract.

Finally, the Williamses rely on a July 7, 2012 letter sent to them from TIC.  That letter references the date of the loss and the claim number for their claim. ECF Nos. 8-5 at 2; *see also* 8-4 (October 2011 letter from THMIC listing same claim number and date of loss).  The July 2012 letter states that "[o]ur records indicate the check number listed above has not been returned to us as a cashed item by our bank." *Id.*  It is unclear why TIC, as opposed THMIC, sent this letter to the Williamses.  However, the letter does not raise an issue of fact that TIC was a party to the insurance policy or had any obligations under it.  Accordingly, I grant summary judgment in TIC's favor.

**B.  Vicarious Liability and Punitive Damages**

THMIC argues vicarious liability and punitive damages are theories of recovery, not causes of action.  THMIC admits it is vicariously liable for its employees' actions taken within the scope of their employment. ECF No. 5 at 5.  The Williamses do not oppose dismissal given this admission by THMIC. ECF No. 8 at 3.  They also agree that punitive damages are a remedy. *Id.* at 6.  The parties agree these are not independent claims.  I therefore grant this portion of THMIC's motion.

**C.  Statute of Limitations**

*1. Breach of the Implied Covenant of Good Faith and Fair Dealing/Bad Faith*

THMIC argues these claims are governed by a four-year limitations period, and because it closed the case file and notified the Williamses of that fact on October 5, 2011, the Williamses' bad faith claims are time-barred.  The Williamses respond that this case is in the early stages and it is unclear when THMIC breached the covenant.[1]  The Williamses note that TIC sent a letter on July 7, 2012.  They thus argue the file was open in July 2012, which was less than four years

---

[1] The plaintiffs did not request I defer ruling on the motion under Federal Rule of Civil Procedure 56(d), nor did they comply with that Rule's requirements.

before they filed this lawsuit.  Alternatively, the Williamses argue that the statute of limitations does not begin to run until THMIC refuses payment, and there is no evidence THMIC ever made a final decision not to pay.

The Williamses' duplicative[2] bad faith claims are governed by a four-year limitations period. Nev. Rev. Stat. § 11.190(2)(c) (four-year period for "[a]n action upon a contract, obligation or liability not founded upon an instrument in writing"); *see also Schumacher v. State Farm Fire & Cas. Co.*, 467 F. Supp. 2d 1090, 1094-95 (D. Nev. 2006).  The complaint alleges that THMIC acted in bad faith because it closed the file without reaching a fair settlement. ECF No. 1-1 at 6.  THMIC sent a letter to the Williamses stating that the file was closed as of October 2011.  The Williamses thus had until October 2015 to bring suit.  They did not file their complaint until June 2016.  Their bad faith claims are therefore time-barred.

The Williamses' reliance on the July 2012 letter is misplaced.  The fact that TIC inquired about an uncashed check does not suggest that the claims file was still open or that THMIC was still mulling whether to pay more benefits.  THMIC stated in its October 2011 letter that it was closing the file due to a purported lack of cooperation by the Williamses.  Regardless of whether that allegation was true, there is no genuine dispute that at that moment, THMIC was refusing to pay anything further.  The Williamses thus were aware as of that date that no additional benefits would be forthcoming.  They do not identify anything that occurred after October 2011, other than the July 2012 letter, to suggest the closing of the file was not a final decision.  I therefore grant summary judgment in THMIC's favor on the Williamses' bad faith claims.

### 2. *Unfair Claims Practices*

This claim is governed by a three-year limitations period. Nev. Rev. Stat. § 11.190(3)(a) (three-year period for "[a]n action upon a liability created by statute, other than a penalty or

---

[2] An insurer's breach of the covenant of good faith and fair dealing is the same as bad faith. *See Tracey v. Am. Family Mut. Ins. Co.*, No. 2:09-CV-01257-GMN-PAL, 2010 WL 3613875, at *2 (D. Nev. Sept. 8, 2010) ("A claim of breach of the covenant of good faith and fair dealing is, in essence, a claim for bad faith."); *Drennan v. Maryland Cas. Co.*, 366 F. Supp. 2d 1002, 1005 (D. Nev. 2005) (stating a "breach of the good faith and fair dealing covenant constitutes bad faith when the relationship of the parties is that of insurer and insured").

forfeiture"). This claim is time-barred for the same reasons as the bad faith claims. I therefore grant summary judgment in THMIC's favor on the Williamses' claim for unfair claims practices.

### 3. *Intentional Infliction of Emotional Distress*

This claim is governed by a two-year limitations period. Nev. Rev. Stat. § 11.190(4)(e) (two-year period for "an action to recover damages for injuries to a person"). This claim is time-barred for the same reasons as the bad faith claims. There is no allegation of outrageous conduct after the October 2011 closing of the file. I therefore grant summary judgment in THMIC's favor on the Williamses' intentional infliction of emotional distress claim.

### D. Negligence

THMIC argues Nevada law does not recognize a claim for negligence by an insured against his or her insurer. It argues insurers do not owe insureds duties beyond what are owed under the contract and the duty of good faith. The Williamses respond that THMIC is vicariously liable for the negligence of its employees who ignored communications from the Williamses, ignored evidence of damage to the house, claimed that the parties had reached agreements that were not made, and did not fairly resolve the Williamses' insurance claim.

The Williamses do not respond to THMIC's citations to case law holding that Nevada does not recognize a negligence claim by an insured against his or her insurer that is duplicative of a breach of contract or bad faith claim. *See Phillips v. Clark Cnty. Sch. Dist.*, 903 F. Supp. 2d 1094, 1104 (D. Nev. 2012) ("Defendant argues that summary adjudication is appropriate because Defendant does not owe a duty of care beyond the duties imposed by the insurance contract and the corresponding duty of good faith . . . . The Court agrees."); *Sierzega v. Country Preferred Ins. Co.*, No. 2:13-CV-1267-JCM-NJK, 2014 WL 1668630, at *5 (D. Nev. Apr. 25, 2014) ("Nevada does not recognize a negligence cause of action against an insurer who has wrongfully denied or delayed payment . . . ."). There may be circumstances under which an insurer could be liable to its insured for negligence. But I agree that cannot be the case when the claim is duplicative of a breach of contract or bad faith claim because the insured's duties in those situations are defined by the contract and by the law on insurance bad faith, not by the law of

negligence. A negligence claim is particularly inappropriate when it is duplicative of a bad faith claim. As explained by Judge Mahan, "[i]f a plaintiff could succeed against an insurer under a theory of ordinary negligence, it would be absurd for courts to impose a stricter standard for identical claims arising under the covenant of good faith." *Sierzega*, 2014 WL 1668630, at *5.

The Williamses' negligence claim rests on allegations that THMIC's employees did not respond to the Williamses, ignored evidence supporting their claim, claimed the parties had reached agreements that were not made, and failed to resolve the Williamses' claim. These acts were taken as part of the claims handling process and are part of the alleged bad faith denial of benefits. THMIC's duties thus are governed by the contract and the law on bad faith. I therefore grant summary judgment in THMIC's favor on the Williamses' negligence claim.[3]

## III. CONCLUSION

IT IS THEREFORE ORDERED that defendants' motion to dismiss **(ECF No. 5) is GRANTED.** Summary judgment is granted in favor of defendant The Travelers Indemnity Company on all of the Williamses' claims against it. The Williamses' claims for vicarious liability and punitive damages are dismissed because they are remedies, not independent causes of action. Summary judgment is granted in favor of defendant The Travelers Home and Marine Insurance Company on the Williamses' claims for bad faith, breach of the covenant of good faith and fair dealing, unfair claims practices, intentional infliction of emotional distress, and negligence. The Williamses' breach of contract claim against defendant The Travelers Home and Marine Insurance Company remains pending.

DATED this 8th day of March, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[3] I assume without deciding that the negligence claim is timely. The plaintiffs argue this claim is subject to a six-year limitations period under *Job's Peak Ranch Cmty. Ass'n, Inc. v. Douglas Cnty.*, No. 55572, 2015 WL 5056232, at *4 (Nev. Aug. 25, 2015) (stating that "claims for negligence based on breach of a written contract expire after six years, NRS 11.190(1)(b)"). The defendants did not respond to this contention. I decline to consider the defendants' argument, raised for the first time in the reply brief, that the negligence claim is barred by the policy's two-year limitation. *See Vasquez v. Rackauckas*, 734 F.3d 1025, 1054 (9th Cir. 2013).