# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MAXWELL B. WILLIAMS, et al,

    Plaintiffs,

v.

THE TRAVELERS HOME AND MARINE INSURANCE COMPANY, et al,

    Defendants.

Case No. 2:16-cv-01856-APG-CWH

**ORDER**

Presently before the Court is Defendants' motion to stay discovery (ECF No. 17), filed on April 6, 2017. Plaintiffs filed a response (ECF No. 19) on April 20, 2017, and Defendants filed a reply (ECF No. 21) on April 24, 2017.

Defendants move for a stay of all discovery until the Court rules on the pending motion for summary judgment (ECF No. 16). Plaintiffs argue that limited discovery is necessary in order for the Court to adjudicate the motion for summary judgment.

## I. Background

This case is based on a dispute between the parties over Defendants' obligations to pay for water damage to Plaintiffs' property that occurred on June 18, 2010. Defendants made some payments under Plaintiffs' homeowner's insurance policy, but Plaintiffs claimed that Defendants were not meeting their full obligations under the policy. Defendants opened a file based on Plaintiffs' complaints, but after what Defendants describe as a failure to provide follow-up documentation, they closed the file, and informed Plaintiff of this action via a letter ("The Letter"), signed on October 5, 2011. Plaintiffs later brought suit in state court on June 17, 2016. (Complaint (ECF No. 1-1).) The case was removed to federal court, where Defendants filed a motion to dismiss (ECF No. 5), which was granted in part. (ECF No. 12) Only Plaintiffs' breach of contract claim survived the motion to dismiss, and on March 31, 2017, Defendants moved for summary judgment (ECF No. 15) on this final claim. Defendants now move for a stay of all litigation pending the

1

Court's decision on the motion for summary judgment, arguing that the motion is potentially dispositive of all claims, and that no further discovery is necessary to render a decision. Mot. at 3 (ECF No. 17). Plaintiffs argue that a decision will require discovery as to the full meaning of The Letter. They concede that the motion for summary judgment is potentially dispositive of all claims (Resp. at p. 5 (ECF No. 19).), and they stipulate to a stay of all other discovery until the motion is decided for all topics other than The Letter. *Id.*

## II. Analysis

Courts have broad discretionary power to control discovery, including the decision to stay discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). When evaluating whether to stay discovery, courts consider the goal of Rule 1 of the Federal Rules of Civil Procedure, which directs that the rule must be "construed and administered to secure the just, speedy, and inexpensive determination of every action." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011) (citation omitted). But the Rules do not provide for an automatic stay of discovery when a potentially dispositive motion is pending. *Id.* at 600–01. Thus, a pending dispositive motion "is not ordinarily a situation that in and of itself would warrant a stay of discovery." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (quotation omitted). Nor does the fact that "discovery may involve some inconvenience and expense" automatically warrant a stay of discovery. *Id.*

To determine whether to stay discovery, courts consider whether (1) the pending motion is potentially dispositive of the entire case, or at least of the issue on which discovery is sought; and (2) the potentially dispositive motion can be decided without additional discovery. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013). This analysis requires the court to take a "preliminary peek" at the potentially dispositive motion. *Tradebay*, 278 F.R.D. at 603. This assessment is meant not to prejudge a motion's outcome but, rather, to accomplish the cost- and time-saving objectives of Rule 1 by evaluating the justice of either permitting or delaying discovery. *Id. Turner*, 175 F.R.D. at 555. Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Id.* at 556 (quotation

2

omitted).

The Court now takes a "preliminary peek" at the merits of Defendants' motion for summary judgment. The Court notes that both parties concede that the motion is potentially dispositive of all remaining claims. Further, as Plaintiffs concede that no discovery is necessary except on the issue of The Letter, the need for discovery on The Letter is the only issue the Court need consider.

Plaintiffs' argument for discovery on The Letter hinges upon its possible ambiguity. Plaintiffs maintain that, although the letter informed them that they had "failed to cooperate in the investigation of this claim and to make the premises available for inspection as required," that Defendants "must presume that [Plaintiffs] are no longer pursuing this claim," and that they were "closing this file," this does not necessarily constitute notification that no future claim benefits would be provided. (Resp. at 7 (ECF No. 19).) However, this Court has already found that, based on the statements in The Letter, "there is no genuine dispute that at that moment, [Defendants were] refusing to pay anything further. [Plaintiffs] were thus aware as of that date that no additional benefits would be forthcoming." (Order at 5 (ECF No. 12).) The only significance Plaintiffs ascribe to the Letter is whether or not it provided notice that Defendants were refusing future benefits. As the Court has already considered this matter, and made a clear finding on it, there is no need at this time for further inquiry.

### III. Conclusion

The Court finds that no discovery on the issue of The Letter is necessary. The motion for summary judgment may therefore be considered without further discovery. In light of this finding, and since both parties agree that the motion is potentially dispositive of all remaining claims, Defendants have satisfied their heavy burden to show that a stay of discovery is warranted in this case.

//
//
//
//

3

IT IS THEREFORE ORDERED that Defendants' motion to stay discovery (ECF No. 17) is GRANTED.

DATED: May 5, 2017.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge